Billings Mann & another *vs.* William B. Earle & another.

A mortgagee does not, by bringing a writ of entry to foreclose, and obtaining a conditional judgment, waive his right to take possession of the land during the two months allowed to the mortgagor to pay the amount ascertained by the judgment to be due.

Action of tort by lessees of mortgagee against mortgagor and his servant for trespassing on the land mortgaged.

At the trial in the court of common pleas, it appeared that the mortgagee, after bringing a writ of entry to foreclose the mortgage, (the condition of which had been broken,) and recovering conditional judgment, in the usual form, that the mortgagor should pay within two months, pursuant to Rev. Sts. *c.* 107, § 5, but before the expiration of said two months entered on the land, in the presence of two witnesses, and took possession thereof, the mortgagor objecting, and made the lease to the plaintiff. The defendants objected that the mortgagee, having elected to take possession by action at law, and having actually got conditional judgment, could not, within the two months allowed to the mortgagor to pay the amount ascertained by the judgment to be due, enter and take possession in the mode pointed out by the statute for taking possession without suit; and that his entry could not avail as an entry at common law. There was evidence tending to show that the entry made by the mortgagee was for foreclosure; but there was also conflicting evidence on this point. *Byington,* J. ruled "that the mortgagee having obtained conditional judgment for foreclosure, could not foreclose his mortgage by entry under the statute, without suit; but the judgment was no bar to his right of entry under his mortgage; and that if the jury should find that the mortgagee did enter and take possession, and his purpose was to acquire possession, he would have the lawful possession, although his entry was also for the purpose and with the intent to foreclose the mortgage." The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*P. C. Bacon,* for the defendants.

*G. F. Hoar*, for the plaintiffs, was stopped by the court.

DEWEY, J.   The single question is, whether the actual entry of a mortgagee and possession under such entry can avail as against the mortgagor, as to right of possession, when the mortgagee had instituted his action to foreclose his mortgage, and the conditional judgment had been rendered in that action, but the period of two months had not elapsed.   As to this, we have no doubt.   The mortgagee has the right at all times, after breach of condition, to enter peaceably and take possession, and this right is not lost by his pursuing the statute remedy to foreclose his mortgage.   Such actual entry is lawful, and may operate to give him possession, although it may not affect the foreclosure. An actual possession by the mortgagee is not inconsistent with maintaining an action to foreclose a mortgage.   *Merriam* v. *Merriam*, 6 Cush. 93.   *Page* v. *Robinson*, 10 Cush. 101.   The possession was therefore in the plaintiffs, and the action may well be maintained by them.                    *Exceptions overruled.*